IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AKZO NOBEL FUNCTIONAL CHEMICALS LLC,<br>　　　　Plaintiff | § § § § | |
| v. | § § | |
| M/V GRINDANGER,<br>her engines, tackle, boilers, etc. | § § § | C.A. No. _____<br>In Admiralty |
| v. | § § | |
| ATLANTIC CARGO SERVICES AB,<br>GRIEG STAR SHIPPING AS, and<br>MASTERBULK PRIVATE LTD.,<br>　　　　Defendants | § § § § | |

## COMPLAINT

Plaintiff by its attorneys, Hill Rivkins & Hayden LLP, complaining of the above-named vessel and Defendants, alleges upon information and belief:

**A.**

1. This is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1333.

**B.**

2. At and during all the times hereinafter mentioned, Plaintiff had and now has the legal status and principal offices and places of business stated in Schedule A hereto annexed and by this reference made a part hereof.

**C.**

3. At and during all times hereinafter mentioned, Defendants had and now have the legal status and offices and places of business stated in Schedule A, and were and now

are engaged in business as common carriers of merchandise by water for hire, and owned, operated, managed, chartered, and controlled the above-named vessel which now is or will be within the jurisdiction of this Court during the pendency of this action.

**D.**

4. On or about the date and at the port of shipment stated in Schedule A, there was delivered to the vessel and Defendants, in good order and condition, the shipment described in Schedule A, which the vessel and Defendants received, accepted and agreed to transport for certain consideration to the port of destination stated in Schedule A.

**E.**

5. The vessel arrived in Houston, Texas and discharged the shipment in Houston for its own convenience rather than at the port of destination described in Schedule A. The vessel subsequently left Houston without the shipment while Hurricane Ike approached Houston. As a direct result of the vessel unloading the shipment in Houston instead of at the port of destination, the shipment was affected by Hurricane Ike and delivered short or otherwise damaged.

**F.**

6. By reason of the premises, the above-named vessel and Defendants breached, failed and violated their duties and obligations as common carriers and were otherwise at fault. In discharging the shipment in Houston rather than at the port of destination, the vessel and Defendants committed an unreasonable deviation which made them liable as insurers for the resulting damage to the shipment.

**G.**

7. Plaintiff was the shipper, consignee or owner of the shipment as described in Schedule A, and brings this action on its own behalf and, as agent and trustee, on behalf of and for the interest of all parties who may be or become interested in the shipment, as their respective interests may ultimately appear, and Plaintiff is entitled to maintain this action.

**H.**

8. Plaintiff has duly performed all duties and obligations on its part to be performed.

**I.**

9. By reason of the premises, Plaintiff has sustained damages, as nearly as same can now be estimated, no part of which has been paid although duly demanded, in the amount of ONE HUNDRED THOUSAND AND NO/100 DOLLARS ($100,000.00).

**J.**

10. All and singular the premises are true and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court.

WHEREFORE, Plaintiffs pray:

    a.    That summons in due form of law may issue against Defendants;

    b.    That a judgment may be entered in favor of Plaintiff against Defendants, one or more of them, for the amount of Plaintiff's damages and attorney's fees, together with interest and the costs and disbursements of this action;

    c.    That process in due form of law according to the practice of this Court in causes of admiralty or maritime jurisdiction may issue against the motor vessel, her engines, etc., and that all persons having or claiming any interest therein be cited to appear and answer under oath all and singular the matters

aforesaid, and this Court will be pleased to pronounce a judgment in favor of Plaintiff for its damages and attorneys' fees, together with interest, costs and disbursements, and the motor vessel may be condemned and sold to pay therefore; and

d.  That this Court will grant to Plaintiff such other and further relief as may be just and proper.

>
> Respectfully submitted,
>
> _____
> STEVEN P. VANGEL
> SDTX I.D. NO.: 4065
> Texas Bar No.: 20465800
> ROBERT G. MOLL
> SDTX I.D. No. 15213
> Texas Bar No. 000784622
> HILL RIVKINS & HAYDEN LLP
> 712 Main St., Suite 1515
> Houston, Texas 77002
> Telephone:   713/222-1515
> Direct Line:   713/457-2286
> Telefax:   713/222-1359
> E-mail: svangel@hillrivkins.com
> E-mail: rmoll@hillrivkins.com
>
> ATTORNEYS FOR PLAINTIFF
> AKZO NOBEL FUNCTIONAL
> CHEMICALS LLC

# **VERIFICATION**

STATE OF TEXAS    §
                  §
COUNTY OF HARRIS  §

Steven P. Vangel, Esq., being duly sworn, deposes and says:

I am an attorney and partner with the firm of Hill Rivkins & Hayden LLP, attorneys for Plaintiff. I am over twenty-one (21) years of age and fully competent to make this Verification. I have read the foregoing Complaint and know its contents. The Complaint is true to my knowledge, except as to the matters stated in the Complaint to be based on information and belief, and as to those matters, I believe them to be true.

The reason this Verification is made by me and not by Plaintiff is that Plaintiff is a corporation, none of whose officers are now within this District.

The source of my information and the grounds for my belief as to those matters stated in the Complaint, to be alleged on information and belief, are documents and records in my files.

_____
STEVEN P. VANGEL

Subscribed and sworn to before me, the undersigned notary public, on this 20th day of August, 2009, to certify which witness my hand and official seal.

_____
Notary Public, State of Texas

ROSA LANDIN
MY COMMISSION EXPIRES
March 26, 2012

## SCHEDULE A

### Legal Status and Place of Business of Parties

Plaintiff, **Akzo Nobel Functional Chemicals LLC**, was and now is a foreign corporation or other business entity with an office and place of business in Colorado.

Defendant, **M/V GRINDANGER f/k/a M/V STAR GRINDANGER**, is a general cargo vessel with container capacity formerly sailing under the flag of Norway, but currently sailing under the flag of Singapore. The vessel was built in 1986, and its gross tonnage is 27,972 metric tons. Its IMO number is 8507212.

Defendant, **Atlantic Cargo Services AB**, is a foreign corporation or other business entity, with power to sue and be sued, which regularly engages in business in Texas and the United States as a common carrier of goods by water for hire, which may be served at its local office address:

132 Misty Harbor West
Montgomery, TX 77356

Defendant, **Grieg Star Shipping AS**, is a foreign corporation or other business entity, with power to sue and be sued, which regularly engages in business in Texas and the United States as a common carrier of goods by water for hire, which is one of the two surviving corporation resulting from the split of the previous vessel owner, which may be served at its local office address:

132 Misty Harbor West
Montgomery, TX 77356

Defendant, **Masterbulk Private Ltd.**, is a foreign corporation or other business entity, with power to sue and be sued, which regularly engages in business in Texas and the United States as a common carrier of goods by water for hire, which is one of the two surviving corporation resulting from the split of the previous vessel owner and the current vessel owner, which may be served at its local office address:

132 Misty Harbor West
Montgomery, TX 77356

## **DESCRIPTION OF SHIPMENT**

Vessel:　　　　　　　M/V GRINDANGER f/k/a M/V STAR GRINDANGER

Date of Shipment:　August 23, 2008

Ports of Loading:　Rotterdam, Netherlands

Port of Discharge:　Mobile, Alabama (but unloaded in Houston, Texas)

Shipper:　　　　　　Akzo Nobel Base Chemicals BV

Consignee:　　　　　Akzo Nobel Functional Chemicals LLC

Description of Shipment: Monochloroacetic Acid (MCA)

Nature of Loss or Damage: Physical Damage / Wetting

Amount:　　　　　　$100,000.00